UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                        Case No. 8:20-cv-342-T-33CPT

CATHERINE N. MATTHIES,

    Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to the United States of America's Motion for Summary Judgment (Doc. # 16), filed on May 4, 2020. Pro se Defendant Catherine N. Matthies responded on May 12, 2020 (Doc. # 18), and the United States replied on May 21, 2020. (Doc. # 20). For the reasons that follow, the Motion is granted.

**I.**   **Background**

On September 11, 1995, Matthies executed a promissory note to secure a Direct Consolidation loan from the United States Department of Education. (Doc. # 16-1; Doc. # 16-2). According to the December 23, 2019, Certificate of Indebtedness, "[t]his loan was disbursed for $12,577.34 and $18.153.18 on 11/15/1995 through 11/29/1995 at a variable

1

rate of interest to be established annually." (Doc. # 16-2 at 2).

In February 2006, Matthies applied for discharge of the debt with the Department of Education based on permanent disability. (Doc. # 16-5 at 3). The Department of Education requested additional information from Matthies's doctor in March 2006, but the doctor never responded. (Id. at 2, 4-5). Because the doctor never provided the additional needed information, the Department of Education denied the discharge request on June 5, 2006. (Id. at 2, 5).

Subsequently, Matthies defaulted on the loan on March 25, 2009. (Doc. # 16-2 at 2). Thus, "[p]ursuant to 34 C.F.R. § 685.202(b), a total of $19,457.62 in unpaid interest was capitalized and added to the principal balance." (Id.). The Certificate of Indebtedness reflects that, as of December 23, 2019, the balance owed by Matthies is $50,188.14 in principal and $33,700.11 in interest, with accruing interest "at the current rate of 5.460% and a daily rate of $7.50 through June 30, 2020, and thereafter at such rate as the Department establishes pursuant to Section 455(b) of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1087e." (Id.). However, in light of coronavirus relief efforts, the United

States points out that the daily interest rate of $7.50 only applies through March 13, 2020. (Doc. # 16 at 2).

The Department of Education referred the debt to the United States Department of Justice. The Department of Justice then sent Matthies a demand letter on November 25, 2019. (Doc. # 16-3). Thereafter, private counsel for the United States took over the collection efforts. Matthies responded on December 18, 2019, to counsel's demand letter, arguing that the loan was discharged in 2006. (Doc. # 16-4).

When the United States confirmed that Matthies's request for discharge was denied in 2006, counsel for the United States sent Matthies a letter explaining this. (Doc. # 16-5 at 2). That letter informed Matthies that she could reapply for a discharge based on permanent disability. (Id.). There is no evidence that Matthies reapplied for discharge.

The United States then initiated this action seeking to recover the defaulted student loans on February 12, 2020. (Doc. # 1). Now, the United States seeks entry of summary judgment in its favor. The Motion is ripe for review.

II. **Legal Standard**

Summary Judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.

R. Civ. P. 56(a). A factual dispute alone is not enough to defeat a properly pled motion for summary judgment; only the existence of a genuine issue of material fact will preclude a grant of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996)(citing Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 918 (11th Cir. 1993)). A fact is material if it may affect the outcome of the suit under the governing law. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1260 (11th Cir. 2004)(citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). "When a moving party has discharged its burden, the non-moving party must then 'go beyond the pleadings,' and by its own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue

for trial." Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 593-94 (11th Cir. 1995)(citing Celotex, 477 U.S. at 324).

If there is a conflict between the parties' allegations or evidence, the non-moving party's evidence is presumed to be true and all reasonable inferences must be drawn in the non-moving party's favor. Shotz v. City of Plantation, Fla., 344 F.3d 1161, 1164 (11th Cir. 2003). If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, the court should not grant summary judgment. Samples ex rel. Samples v. City of Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988) (citing Augusta Iron & Steel Works, Inc. v. Emp'rs Ins. of Wausau, 835 F.2d 855, 856 (11th Cir. 1988)). However, if the non-movant's response consists of nothing "more than a repetition of his conclusional allegations," summary judgment is not only proper, but required. Morris v. Ross, 663 F.2d 1032, 1034 (11th Cir. 1981).

**III. Analysis**

"In a suit to enforce a promissory note, where the claimant establishes, through pleadings, exhibits, and affidavits, the existence of the note, the borrower's default, and the amount due under the note, the claimant has

5

established a prima facie case." <u>United States v. Pelletier</u>, No. 8:08-cv-2224-T-33EAJ, 2009 WL 800140, at *2 (M.D. Fla. Mar. 24, 2009). Specifically, "[t]o recover on a promissory note, the government must show (1) the defendant signed it, (2) the government is the present owner or holder, and (3) the note is in default." <u>United States v. Carter</u>, 506 F. App'x 853, 858 (11th Cir. 2013).

"The [United States] may establish the prima facie elements by producing the promissory note and certificate of indebtedness signed under penalty of perjury." <u>United States v. Hennigan</u>, No. 6:13-cv-1609-Orl-31DAB, 2015 WL 2084729, at *7 (M.D. Fla. Apr. 30, 2015). The United States need not produce the original promissory note to recover from a defaulted student loan debtor. <u>Carter</u>, 506 F. App'x at 858. "The burden then shifts to the borrower to establish that the amount is not due and owing. In the absence of such proof, summary judgment in favor of the claimant is appropriate." <u>Pelletier</u>, 2009 WL 800140, at *2 (citing <u>United States v. Irby</u>, 517 F.2d 1042, 1043 (5th Cir. 1975)).

The United States has established its prima facie case by providing a copy of the promissory note signed by Matthies, and the Certificate of Indebtedness, in which the United States' loan specialist states under penalty of perjury that

6

the United States is the current owner and holder of the note and that Matthies defaulted on the note. (Doc. ## 16-1, 16-2).

Therefore, the burden is on Matthies to establish a genuine issue of material fact as to whether she owes the loan amount described by the United States. "It is not sufficient for [Matthies] to merely allege non-liability; rather, [she] must produce specific and concrete evidence of the nonexistence, payment, or discharge of the debt." Hennigan, 2015 WL 2084729, at *9.

Here, Matthies has not carried that burden. Although she emphasizes that she applied for a medical discharge of the debt in 2006 and that she believed the debt was discharged, Matthies presents no evidence supporting that the debt was discharged. (Doc. # 18). This is insufficient to create a genuine issue of material fact. Indeed, the United States has presented evidence establishing that Matthies's 2006 request for discharge was denied. (Doc. # 16-5 at 5).

Thus, summary judgment is appropriately granted in favor of the United States.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The United States of America's Motion for Summary Judgment (Doc. # 16) is **GRANTED**.

(2) The Clerk is directed to enter judgment in favor of the United States of America and against Defendant Catherine N. Matthies in the amount of $50,188.14 in principal and $33,700.11 in interest as of December 23, 2019, plus interest from December 24, 2019, at the rate of 5.460% per annum on the principal balance due to March 13, 2020. Interest, whether contractual or statutory post-judgment interest, will not accrue again until October 1, 2020, due to the CARE Act. This judgment shall bear interest at the rate as prescribed by 28 U.S.C. § 1961, for which sum let execution issue.

(3) Once judgment has been entered, the Clerk is directed to **CLOSE THE CASE**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 26th day of May, 2020.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE